**Larry WILLOUGHBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 44989–44993.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Rehearing Denied July 19, 1972.

Emmett Colvin, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions in five cases, tried simultaneously by agreement before a jury. The cause number and the offense charged, with the punishment assessed by the jury in each case, are as follows:

| | | | |
|---|---|---|---|
| No. 44,989 | — | Sale of marihuana | 15 years |
| No. 44,990 | — | Sale of marihuana | 15 years |
| No. 44,991 | — | Dispensing marihuana | 15 years |
| No. 44,992 | — | Possession of marihuana | 2 years |
| No. 44,993 | — | Dispensing marihuana | 15 years |

While the sufficiency of the evidence is not challenged, certain facts are deemed necessary for an understandable disposition of these appeals.

Sam C. Gonzales, a Dallas police officer, testified that on April 8, 1970, while working as an undercover agent, he was introduced to the appellant by an unnamed confidential "informant." The informant took Officer Gonzales to the appellant's home, brought the appellant to the car and introduced the two. The informant then went away from the car while Officer Gonzales and the appellant talked. The informant only returned to the car when the appellant left briefly and absented himself again when the appellant returned. Marihuana was not discussed when the informant introduced the two nor when the informant went to the car during appellant's brief absence. Officer Gonzales further testified that the informant never again accompanied him to meet appellant and that he did not have any further contact with the informant until after appellant's arrest.

On April 9, 1970, the appellant sold Officer Gonzales two "baggies" of marihuana for $30.00. On April 16, the appellant sold Officer Gonzales a "short lid" of marihuana for $10.00. On April 29, appellant gave Officer Gonzales a matchbox containing marihuana. On May 6, appellant gave the officer a glass vial containing marihuana. Officer Gonzales also testified that it was always the appellant who brought up the subject of marihuana.

Larry Collins of the Dallas Police Department testified that on May 6, 1970, he and other officers executed a search warrant at the appellant's apartment. They knocked at the door and no one answered. They then kicked the door open and found no one present. Pursuant to a search they found four hundred and fifty grains of marihuana, two cigarette rollers and cigarette papers, and a disposable hypodermic syringe and needle. During the search of the apartment the appellant returned, was placed under arrest and searched. This search revealed an LSD tablet on the appellant's person.

Appellant complains that the trial court erred by refusing to force the State to name the confidential "informant" and thereby violated his rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. Appellant relies primarily upon Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957). In Roviaro, the Supreme Court addressed itself to a particular limitation on the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law" by stating:

"Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60–61, 77 S.Ct. at 628.

The Supreme Court further stated:

"Whether a proper balance [between public interest in nondisclosure and the individual's right to prepare his defense] renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id., at 68, 77 S.Ct. at 629.

At the time during the trial when the appellant moved for disclosure the trial court had before it only the testimony of Officer Gonzales. Based upon this testimony, the trial court denied disclosure. No evidence existed to indicate to the trial court that the informant had done anything more than introduce Office Gonzales to the appellant. Only later in the trial when the appellant testified in his own behalf did the trial court become aware of appellant's defense of entrapment or accommodation purchaser. The appellant testified that not only did the informant introduce him to the officer and was present during the first sale but that it was the informant who brought up the subject of purchasing marihuana. After his own testimony appellant did not renew his motion for disclosure. We perceive no error in the court's denial of appellant's motion. The trial court instructed the jury to acquit if the appellant had been entrapped or if he was found to be an accommodation purchaser.

While we have discussed appellant's ground of error as if the person introducing him to the officer was an "informant," it is clear from the facts that he was not such in the normal sense of that word. He was not an unnamed person giving information of violations of law to officers charged with enforcement of that law. In the present case the so-called "informant" had introduced the appellant and Officer Gonzales and was known to the appellant as Julian Gomez. Before the first sale, the appellant checked with his girlfriend about the background of Gomez. She had known the "informant" for six years. The only purpose in naming the "informant" would have been to get him to testify, and he appears to have been known and available to the appellant. For this further reason appellant's ground of error is without merit.

In a supplemental brief, appellant raises an unassigned ground of error under Article 40.09, Section 13, V.A.C.C.P. He asserts that the classification of marihuana in the Narcotic Drug Regulation Act, Article 725b, V.A.P.C., is arbitrary and deprives him of equal protection under the United States and Texas Constitutions. We recently answered the complaint contrary to appellant's contention in Sanders v. State, 482 S.W.2d 648 (1972).

No error is shown. The judgments are affirmed.