Jesse L. BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48734.

Court of Criminal Appeals of Texas.

July 17, 1974.

James E. Hope and Harold L. Warford, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The appellant was convicted for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the court at ten (10) years' imprisonment.

Appellant's previous conviction in this case was reversed by this Court in Barber v. State, 481 S.W.2d 812.

The record reflects that on September 23, 1970, Officer H. Rangel, who was at that time assigned to undercover work for the narcotics division of the San Antonio Police Department, received information from an informer somewhere between the 400 and 500 blocks of North New Braunfels Street that narcotics were being sold in the vicinity of the 800 block of that street. The officer proceeded alone in his car to this location and saw appellant standing in front of a pool hall and lounge. After parking his car at the curb, the officer waved to appellant who then approached the car. The officer asked appellant, in the vernacular, who had heroin for sale at that location. The appellant replied that he was selling capsules of heroin for $3.50 each. Appellant produced capsules from his pocket and in return for $3.-50 handed one to the officer. A chemist for the Texas Department of Public Safety testified the substance in the capsule was a combination of heroin and procaine.

The appellant testified in his own behalf. He described a transaction at the 800 block of North New Braunfels Street in August of 1970, where a person identified as Sonny Gant got out of a car like the one Officer Rangel used and inquired about buying

some heroin. The appellant told him he could not help him and to go ask in a nearby cafe. Gant did go into the cafe and returned indicating to appellant he had been successful in purchasing heroin. Gant also indicated to appellant he thought the appellant set up the purchase. Appellant speculated that this person must have told Officer Rangel that he purchased the heroin from him. Appellant denied that he sold heroin to Rangel. He stated that Sonny Gant was with Officer Rangel when he was arrested. Officer Rangel, on cross-examination, had denied that there was a prior incident involving Sonny Gant, or that Gant was present when appellant sold him a capsule of heroin, or that Gant was present at the time of appellant's arrest.

In his first ground of error, the appellant contends the court erred in refusing to order Officer Rangel to disclose the name of the informer. Appellant argues that since Officer Rangel testified during cross-examination that it might have been possible for the informer to have quickly traveled up the three to four blocks to the scene of the sale the informer was sufficiently "present" to have been an eyewitness to the sale.

■ Unless the informer participated in the offense, was present at the time, or was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged, his identity need not be disclosed. Sessions v. State, Tex.Cr.App., 498 S.W.2d 933; Ware v. State, Tex.Cr.App., 467 S.W. 2d 256; Aguilar v. State, Tex.Cr.App., 444 S.W.2d 935. The facts do not bring this case within the doctrine of James v. State, Tex.Cr.App., 493 S.W.2d 201, or of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

■ At the time during the trial when the Court overruled appellant's motion for disclosure of the informer the trial court had before it only the testimony of Officer Rangel. At this time no evidence existed to indicate that the informer had done any-

thing other than notify the Officer where someone was selling heroin. Only after appellant testified did the trial court become aware of the alleged prior incident involving Sonny Gant and his alleged participation. At the close of his testimony appellant did not renew his request for the disclosure of the informer's identity. Absent such a motion for disclosure, no error was committed. Willoughby v. State, Tex.Cr.App., 481 S.W.2d 893.

Appellant's first ground of error is overruled.

■ In his third ground of error, the appellant contends the court erred in admitting into evidence the heroin sold to Officer Rangel. The appellant claims the jury in the previous trial broke the chain of custody and the State further failed to account for custody of the evidence during the twenty-two month interval between the first trial and the trial in the instant case. The appellant does not attack the chain of custody of the evidence up to the time of his first trial.

Jim Sheppard, official court reporter for the 186th District Court, in which court appellant was tried in both instances, testified that the exhibits, a large manila envelope and a smaller white envelope containing a capsule of powder, were admitted in evidence at appellant's previous trial on March 4, 1971. He also stated that after these exhibits were admitted into evidence he placed all the items in a large envelope, State's Exhibit No. 5, marked it with the style of the case and the exhibit numbers, and put this envelope in his office file cabinet which he kept locked and to which he had the only key. Sheppard further testified that he had full care, custody and control of the exhibits from the time they were received in evidence at appellant's first trial until he removed them from his file cabinet and placed them in the bottom drawer of his desk in the courtroom on the morning of appellant's second trial. He retained possession of the exhibits at the second trial until he gave them to the pros-

ecutor who introduced the items in evidence.

The decision of this Court in Noah v. State, 495 S.W.2d 260, is dispositive of this contention. In Noah v. State, *supra*, the defendant asserted the proper chain of custody had not been established between the two trials of the defendant. The court reporter testified that the exhibit had been in his exclusive possession from the time in question until he had turned it over to an assistant district attorney during the second trial and that it was in the same condition as when he first received it. He related the locker was kept locked most of the time and he had the only key. In affirming the conviction, this Court stated:

> "There was no showing that the exhibit had been tampered with or changed in any way. The exhibit was not rendered inadmissible. Appellant's objection on the ground urged went to the weight rather than the admissibility of the evidence. The exhibit was sufficiently identified at the trial by the various witnesses. See Walker v. State, 470 S.W.2d 669 (Tex.Crim.App.1971), and cases there cited; Mitchell v. State, 488 S.W. 2d 786 (Tex.Cr.App.1973), and cases there cited."

Appellant's third ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in offering unsolicited and unsworn testimony from the bench on the issue of custody of the heroin. He also claims that the trial court erred further in overruling his objection because such remarks constituted a comment on the weight of the evidence.

The record reflects that on direct examination the prosecutor asked Officer Rangel to identify State's Exhibit No. 1. Rangel replied that the exhibit was a white envelope in which he had placed a capsule of heroin wrapped in a cigarette wrapper. Questioning was then interrupted by the following colloquy between defense counsel and the trial judge:

"MR. HOPE: Your Honor, if the court please, at this juncture we will have to object, as a matter of precaution, that the record should reflect that State's Exhibits Nos. 1, 2 and 3 were extracted from the Court Reporter's unlocked desk drawer just previous to the marking of those exhibits and handed to the witness, Rangel.

"THE COURT: I am going to let the record reflect he just brought them out of the vault, Counsel. He brought them out of the vault this morning. Those exhibits have been back there in the court vault, they haven't been out here in the courtroom in the unlocked drawer.

"MR. HOPE: There hasn't been any testimony to that effect.

"THE COURT: The Court Reporter, at my instruction, brought them from the vault.

"MR. HOPE: But, the record—Nevertheless, Your Honor, we're asking it to be recited that the true facts occurred, that the State's Exhibits 1, 2 and 3 were just previously extracted from the Court Reporter's unlocked desk drawer. That is what we are asking the Court to acknowledge.

"THE COURT: Let the record reflect that the Court Reporter took the files out of the drawer at the Court Reporter's desk. But the Court instructed the Court Reporter to produce those files and those files were produced from the court vault, which is where they have been.

"MR. HOPE: We object to the testimony of the Court in reference to what transpired before the Court Reporter took it out of the desk drawer. We move the Court to strike it from the record.

"THE COURT: All right. Overruled. Let's proceed.

"MR. HOPE: Note our exception."

■ The trial court erred in making these remarks in the presence of the jury

concerning the actions of the court reporter as to the files in question. Article 38.05, Vernon's Ann.C.C.P.; 56 Tex.Jur.2d, Trial, Sections 91, 92. However, in order for the statements to constitute reversible error, the court's comments must be such that they are reasonably calculated to benefit the State or prejudice the rights of the defendant. Minor v. State, Tex.Cr.App., 469 S.W.2d 579; Howard v. State, Tex. Cr.App., 420 S.W.2d 706; Collins v. State, Tex.Cr.App., 376 S.W.2d 354.

The evidence of Sheppard, the official court reporter, as to the custody of the exhibits in question since the former trial has heretofore been summarized, and was in no manner controverted. It reflects that the exhibits had been in his possession and custody under lock since they had been admitted in evidence on the previous trial, and that, as the court stated, he had brought them from the locked cabinet in his office to his desk on the morning of the trial, when he handed them to the prosecuting attorney in the courtroom to be used in the trial. After cross-examining the witness, appellant's counsel, apparently satisfied with Sheppard's explanation, stated to the court: "I just wanted to clear up where the exhibits had been throughout all this time," and made no further objection to the introduction of the exhibits. Furthermore, appellant made no request that the jury be instructed not to consider the court's remarks, and made no request for a mistrial.

We perceive no harm resulting to appellant from the above remarks of the trial court, and appellant's second ground of error is overruled.

In his fourth ground of error, the appellant contends that the trial court erred in submitting the following instruction to the jury over written objection:

"In this case, evidence has been introduced to the effect that the defendant has heretofore been convicted of another and different offense than that for which defendant is now on trial. In this connection, you are charged that this evidence was by the Court permitted to be introduced for the purpose of aiding you, if it does so, in passing on the credibility of the defendant as a witness in the defendant's own behalf and the weight to be given to the defendant's testimony; and you are charged that you cannot consider such evidence of such other conviction for any purpose other than that for which it was permitted to be introduced, to-wit, to aid you, if it does so, in passing on the credibility of the defendant as a witness in the defendant's own behalf and the weight to be given to the defendant's testimony herein."

Appellant argues that the instruction limiting the jury's consideration of his prior felony conviction as affecting only his credibility as a witness singled out matters not material, was a comment on the weight of the evidence, and was calculated to lead the jury to discredit appellant's testimony.

The record reflects that the appellant took the stand and admitted having been convicted in 1969 for robbery by assault.

The instruction given is one which it is proper to give to the jury when proof of a defendant's prior conviction is admitted into evidence for impeachment purposes. The court may properly charge the jury that the testimony was admitted, not as proof of defendant's guilt of the crime charged, but only as it may affect his credibility as a witness, even though the defendant does not request such instruction. 31 Tex.Jur.2d, Instructions, § 144, p. 717. The charge given was not harmful, but beneficial to the appellant and was not a comment on the weight of the evidence. Fair v. State, Tex.Cr.App., 465 S.W. 2d 753. See Morrison and Blackwell, Texas Criminal Forms, Seventh Edition, Chapter 138, § 3602.

Appellant's fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.