Victor Hugo MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–229–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1989.

Stanley G. Kirk, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury found Victor Hugo Martinez (appellant or Martinez) guilty of the felony

offense of delivery of a controlled substance, cocaine, weighing in excess of four hundred (400) grams. The jury assessed punishment at thirty-five (35) years' confinement in the Texas Department of Corrections and a fine of one hundred fifty thousand dollars ($150,000). Appellant brings four points of error. For the reasons discussed below, we affirm the judgment of the trial court.

On November 29, 1988, undercover narcotics agents negotiated with various parties and attempted to purchase a sizeable amount of cocaine from the appellant. Parties involved in the drug operation became suspicious and did not complete the exchange. Renegotiation began in December, and surveillance officers arrested appellant following a drug transaction with the narcotics agents on December 14, 1988. As part of its case, the State presented evidence relating to the extraneous offense of November 29th at appellant's trial.

An extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging paper. *McDonald v. State*, 692 S.W.2d 169, 173 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) (citations omitted). Although evidence of such an offense is generally inadmissible, *Ramey v. State*, 575 S.W.2d 535, 536 (Tex.Crim.App.1978); *Jones v. State*, 481 S.W.2d 900, 902 (Tex. Crim.App.1972), appellant does not challenge the admission of the November 29th offense. In his first three points of error appellant claims that the trial court erred in failing to require the State to disclose the identity of an unnamed informant purportedly involved in the extraneous offense, thus denying appellant his right of confrontation. The appellant additionally complains that the court improperly confined examination of State's witnesses concerning the informant's involvement in the November violation. We disagree with appellant's contentions.

■ The Texas Court of Criminal Appeals has consistently held that the identification of an informant need not be disclosed unless the informer participated in the offense, was present at the time of the offense or arrest, or was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. *Bernard v. State*, 566 S.W.2d 575, 577 (Tex.Crim.App.1978); *Andrew v. State*, 558 S.W.2d 876, 877 (Tex. Crim.App.1977); *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex.Crim.App.1976). One of the undercover agents involved in the transaction, officer Albert Diaz, did testify that he used an informant for the November 29th deal; however, we conclude that disclosure of additional information was unnecessary.

By using the term of art, all parties tacitly agreed that the November 29th negotiation was an extraneous offense and therefore by definition was not a part of the violation. The Court of Criminal Appeals' restriction on informant disclosure requires a relation to the *offense charged*. *See Bernard*, 566 S.W.2d at 577. The trial court allowed appellant to thoroughly examine the State's witness concerning the existence of an informant during the December 14th exchange, and this was the only offense prosecuted by the State.

Appellant cites several cases including *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and *Lopez v. State*, 574 S.W.2d 563 (Tex.Crim.App. 1978), to support his right to examine the informant. However, these cases do not make any reference to extraneous offenses, but only reiterate the criteria for disclosure. *See Roviaro*, 353 U.S. at 61, 77 S.Ct. at 628; *Lopez*, 574 S.W.2d at 565. Since the appellant has presented inadequate authority to support his arguments, we overrule points one, two, and three.

■ Without argument or citing authority, appellant asserts in his final point of error that evidence is insufficient to sustain appellant's conviction. We disagree.

In reviewing an appeal challenging the sufficiency of evidence, the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d

560 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). In *Moreno,* the Court of Criminal Appeals added that an appellate court "is never to make its own myopic determination of guilt from reading the cold record." *Moreno,* 755 S.W.2d at 867. Instead, "a verdict must stand unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Id.*

In the instant case two undercover narcotics officers, officer Diaz and officer John Schultea, gave detailed testimony concerning the drug transaction between themselves and appellant. Additionally, Mario Jimenez, a convicted participant in the drug exchange, testified to appellant's involvement in the offense. This evidence is more than sufficient to support that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Point four is overruled.

Since appellant has failed to adequately support any of his points of error, the judgment of the trial court is affirmed.