**Darrell Darnell WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–339–CR.**

Court of Appeals of Texas, Corpus Christi.

March 29, 1990.

Rehearing Overruled April 26, 1990.

Richard L. Manske, Manske & Manske, El Campo, for appellant.

Daniel W. Shindler, Dist. Atty., Bay City, Jim Vollers, Austin, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of delivering cocaine and assessed his punishment at imprisonment for 80 years in the Texas Department of Corrections and a fine of $5,000. We reverse the trial court's judgment and remand the cause to the trial court.

In his first point of error, appellant contends that the trial court erred in refusing to require the State to disclose the identity of a confidential informant. The State may withhold the identity of an informant unless he (1) participated in the offense; (2) was present at the time of the offense or arrest; or (3) was otherwise shown to be a material witness to the transaction or to whether appellant knowingly committed the act charged. *Stein v. State*, 548 S.W.2d 61, 63 (Tex.Crim.App. 1977); *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex.Crim.App.1976); *Crawford v. State*, 772 S.W.2d 493, 495 (Tex.App.— Houston [14th Dist.] 1989, no pet.); *Parker v. State*, 713 S.W.2d 386, 391 (Tex.App.— Corpus Christi 1986, no pet.). *See* Tex.R. Crim.Evid. 508. The failure to reveal the name of an informant denies an accused a fair trial when the informant was actually present at the scene of the alleged crime and could give material testimony thereon. *Ex parte Turner*, 545 S.W.2d 470, 476 (Tex.Crim.App.1977).

The record in the present case shows that Danny Jackson was working as an undercover investigator. Jackson testified:

The confidential informant, was in front of the West End Lounge. The confidential informant met with Darrell (appellant). Darrell came over with the C.I., and they got in my vehicle. Darrell told me what he could do. He said he could get me a good paper, is what they call it, for $25. And I asked Darrell where to go. He told me to go to Calvin's house and I asked him how do you get there and he directed me to Calvin's house.

When they arrived at Calvin's, appellant went inside, and Jackson stayed in his vehicle. Appellant then came out of the house and handed Jackson a small plastic bag. Darrell went back into the residence,

and Jackson and the informant left. On cross-examination, Jackson testified that the confidential informant was "with me at the time" when he referred to the events at Calvin's house.

The State argues in an untimely tendered brief that the evidence fails to show the actual location of the confidential informant in relation to Jackson and appellant at the time of the actual transfer, and therefore the informant's identity need not have been disclosed. We disagree. The testimony sufficiently shows that the informant was present when the actual transfer occurred. It also shows that the confidential informant was present in Jackson's vehicle when Jackson and appellant negotiated for the purchase of cocaine.

The present case is somewhat factually similar to *Bernard v. State*, 566 S.W.2d 575 (Tex.Crim.App.1978) and *James v. State*, 493 S.W.2d 201 (Tex.Crim.App.1973). In *Bernard*, disclosure was required even though the informant was not present at the time of the offense, because the informant had initiated the arrangements for the delivery of heroin. *Bernard*, 566 S.W.2d at 578. In *James*, the informant helped set up the criminal occurrence and played a prominent part in it. He sat in the officer's car when the marihuana was actually transferred. Both cases were reversed because the State failed to disclose the informant's identity. While these cases are not identical to the present case, their rationale is persuasive in our determination here.

Appellant testified that he did not commit the offense. The informant was a material witness to the events which the State relied upon for a conviction. The informant could have provided material testimony concerning the negotiations and the transfer. Accordingly, the trial court erred in refusing appellant's request to require the State to disclose the informant's identity. Appellant's first point of error is sustained.

■ In his second point of error, appellant contends that the trial court erred in allowing the prosecutor to argue "for law enforcement in general." When appellant objected, the prosecutor was asking the jurors not to forget the victims and society. The trial court did not err in overruling appellant's objection. The State may make a plea for law enforcement in closing argument. *See Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973). Appellant's second point of error is overruled.

Because appellant's first point of error is sustained, the judgment of the trial court is reversed and the cause is remanded to the trial court.

UTTER, J., not participating.