

**NUMBER 13-08-084-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JEFFERY ALAN RICHIE,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                    **Appellee.**

### On appeal from the 329th District Court
### of Wharton County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion by Justice Vela**

A jury found appellant, Jeffery Alan Richie, guilty of possession of a controlled substance with intent to deliver in an amount of 4 grams or more but less than 200 grams, and sentenced him to a life imprisonment in the Texas Department of Criminal

Justice–Institutional Division.[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp. 2009).  By four issues, Richie complains that the trial court erred by 1) denying his motion to suppress, 2) refusing to require the State to supply the identification of a confidential informant, 3) allowing evidence of a parole warrant that he claims was never produced, and of 4) ineffective assistance of counsel.  We affirm.

## I. MOTION TO SUPPRESS

By his first issue, Richie asserts that the trial court erred in determining that the arrest and search warrant affidavit contained sufficient information to establish probable cause.

### A. Facts

On June 18, 2007, Tommy Johnson, a sergeant with the Wharton County Sheriff's Department Narcotics Task Force, submitted a probable cause affidavit to a magistrate and obtained a search warrant for Richie's residence.  Richie had been under investigation for selling cocaine and crack cocaine.  Johnson testified that he had been contacted by a confidential informant in reference to Richie selling cocaine and crack cocaine within twenty-fours of seeking the warrant.  The informant notified Johnson that he had received a telephone call from Richie on June 16, 2007.  The informant told Johnson that Richie had called him and asked him to come to his house.  According to Johnson's affidavit, Richie asked the informant to come over only when he had cocaine.  Johnson stated that the informant had provided reliable information in the past and knew what cocaine and crack cocaine looked like.  According to the affidavit, the informant had previously been to and had observed cocaine and had seen measuring cups and microwaves that Richie used to

---

[1]Positive findings were made by the jury during the punishment phase of the trial with resepct to the enhancement/habitual paragraphs of the charge.

"cook" the crack cocaine at his residence. The informant advised that cocaine dealers came to Richie's house to cook the crack cocaine, that Richie used cocaine, and that Richie was on parole. The informant reported to Johnson on the day before the search warrant was executed that the informant had driven by Richie's residence and observed narcotic activity there. This coincided with Johnson's personal knowledge that he had observed people at the residence that he knew, from experience, were involved with drugs.

## B. Standard of Review

When reviewing a magistrate's decision to issue a warrant, trial and appellate courts apply a highly deferential standard in keeping with the constitutional preference for a warrant. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). An appellate court should interpret the affidavit in a common sense and realistic manner, with the knowledge that the magistrate may make reasonable inferences. *Id.* When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id.* The inquiry is whether there are sufficient facts, coupled with inferences from those facts, to establish a "fair probability" that evidence of a particular crime will likely be found at a particular location. *Id.* at 62. The issue is not whether other facts could have been included in the affidavit; this Court's focus should be on the force of the facts that are in the affidavit, not those that are omitted from the affidavit. *Id.* While information from an unnamed informant alone does not establish probable cause, the informant's tip, combined with independent police investigation, may provide a substantial basis for the probable-cause finding. *Davis v. State,* 144 S.W.3d 192, 200 (Tex. App.–Fort Worth 2004, pet. ref'd). The informant's reliability and the basis of his or her knowledge are relevant in determining probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983); *Ashcraft v. State*, 934 S.W.2d 727, 733 (Tex. App.–Corpus Christi 1996, pet. ref'd).

Richie urges that the magistrate erred because there was no way to tell from the affidavit how old the information was, that there was no showing of when the confidential informant had been in the house, and Johnson did not state, within the confines of the affidavit, when he had conducted surveillance of the residence.

The evidence before the magistrate was that Richie was under investigation even before the informant contacted Johnson. The informant contacted Johnson on the day before the warrant was issued. The informant advised that he had received a telephone call from appellant and that Richie "does this when he [appellant] does have some cocaine." Johnson had also received a tip that Richie was selling crack cocaine from his house on June 18, 2007, the same day Johnson signed his affidavit. The magistrate could have reasonably inferred that if the narcotics activities were ongoing, they were occurring close to the point in time when Johnson received the information from the informant that he had seen illegal substances at appellant's residence and Johnson had observed known drug dealers at appellant's residence. One of the users, Kendrick Riggins, was identified by the informant as a person who "cooked" cocaine at appellant's house. Additionally, the telephone call from appellant to the informant was within 48 hours of the warrant.

Applying the common-sense approach advocated by the court of criminal appeals in *Rodriguez,* we conclude that there was sufficient evidence to issue a warrant to search appellant's residence. Appellant's first issue is overruled

## II. FAILURE TO REQUIRE THE INFORMANT'S IDENTITY

Richie argues by his second issue that the trial court erred in refusing to require the State to disclose the identity of its confidential informant. He claims that when a confidential informant is present at the time of an illegal transaction, he is a material witness and must be identified. *See Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim.

4

App. 1991).

## A. Standard of Review

We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). Under this standard, we affirm the judgment, unless the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *See Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court's decision was arbitrary or unreasonable. *Id.* We must consider all the circumstances of the case to determine whether the trial court abused its discretion by not requiring the State to disclose the informant's identity. *Portillo v. State,* 117 S.W.3d 924, 928 (Tex. App.–Houston [14th Dist.] 2003, no pet.).

## B. Analysis

The State has the "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in a criminal investigation." TEX. R. EVID. 508(a). As such, the State may withhold the identity of an informant unless the informant: (1) participated in the offense; (2) was present at the time of the offense or arrest; or (3) was otherwise shown to be a material witness to the transaction or to whether appellant knowingly committed the act charged. *Williams v. State,* 787 S.W.2d 198, 199-200 (Tex. App.–Corpus Christi 1990, pet ref'd).

The record does not reflect that the informant was present when appellant was arrested, nor does it show that the informant participated in the offense for which appellant was arrested. When information from an informant is used only to establish probable cause for a search warrant and the informant was not a participant in the offense or

5

present when the search warrant was executed, the identity need not be disclosed because the informant's testimony is not essential to a fair determination of guilt, rather, it is only relevant to a determination of probable cause. *Washington v. State*, 902 S.W.2d 649, 655-57 (Tex. App.–Houston [14th Dist.] 1995, pet. ref'd). For these reasons, we hold that there was no abuse of discretion. Appellant's second issue is overruled.

### III. Failure to Introduce Evidence of Parole Violation

By issue three, Richie complains that the "state failed to prove defendant's arrest and search were based upon a parole warrant" and argues that evidence of a parole violation should not have been admitted absent the admission of the warrant itself. The trial court overruled appellant's objection to evidence regarding the fact that he was on parole. At trial, appellant previously introduced evidence of his parole violation by requesting the trial court to admit the search warrant affidavit as an exhibit. The affidavit referred to the parole violation. The trial court admitted the document.

### A. Standard of Review

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *McCarty v. State,* 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). We will not reverse a trial court whose ruling was within the "zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d at 379-80. A trial court's overruling of an objection to evidence generally will not result in reversal when other similar evidence is received without objection. *See Richardson v. State*, 83 S.W.3d 332, 352 (Tex. App.–Corpus Christi 2002, pet. ref'd); *Elder v. State,* 132 S.W.3d 20, 27 (Tex. App.–Fort Worth 2004, pet. ref'd).

6

## B.  Analysis

Here, the identical evidence was already admitted into evidence by appellant at the time trial counsel objected to the testimony as violating the motion in limine.  The trial court did not abuse its discretion.  Appellant's third issue is overruled.

## IV.  Ineffective Assistance

## A.  Arguments

By issue four, Richie complains that trial counsel was ineffective.  Richie points to numerous shortcomings, including counsel's failure to:  (1) interview him before trial about the underlying facts; (2) visit the scene; and (3) investigate and interview witnesses.  He also argues that counsel failed to request and present to the court evidence under *Brady v. Maryland*, 373 U.S. 83 (1984), with regard to the disclosure of the identity of the informants which would have "facilitated proof that defendant was not involved [in] the drug transaction . . ."  Richie also claims that trial counsel failed to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), which allows a search warrant to be voided if a defendant can prove deliberate falsehood or reckless disregard of the truth by the affiant.  He further makes arguments with regard to trial counsel's ineffectiveness during the sentencing phase of the trial.  While appellant's brief is replete with argument alleging trial counsel's ineffectiveness, not once does appellant refer to any record reference in support of his claims.

## B.  Standard of Review

Our review of counsel's performance must be highly deferential.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  A defendant seeking relief for ineffective assistance of counsel must demonstrate that:  (1) counsel's performance failed to

7

constitute reasonably effective assistance by falling below an objective standard of reasonableness under the prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694; *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The burden of proving ineffective assistance of counsel is on the appellant and requires proof by a preponderance of the evidence. *Stafford v. State,* 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); *Cannon v. State,* 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). An allegation of ineffective assistance of counsel will be sustained only if it is firmly founded in the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); *Stone v. State,* 17 S.W.3d 348, 350 (Tex. App.–Corpus Christi 2000, pet. ref'd).

Effective assistance of counsel is gauged by the totality of the representation from the pre-trial representation of the accused through the punishment stage of the trial. *Ex parte Walker,* 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). Thus, the trial as a whole must be reviewed and not isolated incidents of counsel's performance. *Cannon*, 668 S.W.2d at 403. The standard of review for ineffective assistance of counsel is the same for all phases of the trial. *Hernandez v. State,* 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record. *Id.* The court of criminal appeals has stated that trial counsel should ordinarily be afforded an opportunity to explain his or her actions before being denounced as ineffective. *Id.*

Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.*

## C. Analysis

While Richie complains that his trial counsel did not conduct a sufficient investigation, he does not support his assertion by facts or citations to the record. *See* TEX. R. APP. P. 38.1(i). Any allegation of ineffectiveness of counsel must be demonstrated by the record. *Thompson v. State*, 9 S. W.3d 808, 813 (Tex. Crim App. 1999). Trial counsel did file a motion to discover the confidential informant, but the motion was denied. Trial counsel also filed a motion to suppress and advocated strongly at the hearing on the motion. It, too, was denied by the trial court. Richie urges that the discovery of *Brady* material might have allowed him to uncover evidence that could have been helpful in his defense. He cites nothing in the record to support his argument. *See Thompso*n, 9 S.W.3d at 813 (holding that allegations of ineffective assistance are ineffective in the absence of record support). Richie also argues that counsel failed to file a motion for a *Franks* hearing. However, there is no evidence in the record that Officer Johnson engaged in deliberate falsehood or reckless disregard for the truth in his affidavit. To succeed on a claim of ineffective assistance on the basis that counsel failed to file a motion, an appellant must show that the motion would have succeeded. *Akin v. State*, 981 S.W.2d 297, 301 (Tex. App.–Texarkana 1998, no pet.).

An appellate court should not declare trial counsel ineffective without a record showing that the had some opportunity to explain absent outrageous conduct that no competent attorney would have engaged in. *Goodspeed*, 187 S.W.3d at 392. Richie here has pointed us to nothing that would qualify as outrageous conduct. We overrule issue

9

four.

## V. Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 11th
day of March, 2010.