NUMBER 13-08-084-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JEFFERY ALAN RICHIE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 329th District Court 

of Wharton County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Vela



 A jury found appellant, Jeffery Alan Richie, guilty of possession of a controlled
substance with intent to deliver in an amount of 4 grams or more but less than 200 grams,
and sentenced him to a life imprisonment in the Texas Department of Criminal
Justice-Institutional Division. (1) See Tex. Health & Safety Code Ann. § 481.112 (Vernon
Supp. 2009). By four issues, Richie complains that the trial court erred by 1) denying his
motion to suppress, 2) refusing to require the State to supply the identification of a
confidential informant, 3) allowing evidence of a parole warrant that he claims was never
produced, and of 4) ineffective assistance of counsel. We affirm.

I. Motion to Suppress

 By his first issue, Richie asserts that the trial court erred in determining that the
arrest and search warrant affidavit contained sufficient information to establish probable
cause. 

A. Facts

 On June 18, 2007, Tommy Johnson, a sergeant with the Wharton County Sheriff's
Department Narcotics Task Force, submitted a probable cause affidavit to a magistrate
and obtained a search warrant for Richie's residence. Richie had been under investigation
for selling cocaine and crack cocaine. Johnson testified that he had been contacted by a
confidential informant in reference to Richie selling cocaine and crack cocaine within
twenty-fours of seeking the warrant. The informant notified Johnson that he had received
a telephone call from Richie on June 16, 2007. The informant told Johnson that Richie had
called him and asked him to come to his house. According to Johnson's affidavit, Richie
asked the informant to come over only when he had cocaine. Johnson stated that the
informant had provided reliable information in the past and knew what cocaine and crack
cocaine looked like. According to the affidavit, the informant had previously been to and
had observed cocaine and had seen measuring cups and microwaves that Richie used to
"cook" the crack cocaine at his residence. The informant advised that cocaine dealers
came to Richie's house to cook the crack cocaine, that Richie used cocaine, and that
Richie was on parole. The informant reported to Johnson on the day before the search
warrant was executed that the informant had driven by Richie's residence and observed
narcotic activity there. This coincided with Johnson's personal knowledge that he had
observed people at the residence that he knew, from experience, were involved with drugs.
 B. Standard of Review

 When reviewing a magistrate's decision to issue a warrant, trial and appellate courts
apply a highly deferential standard in keeping with the constitutional preference for a
warrant. Rodriguez v. State, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). An appellate
court should interpret the affidavit in a common sense and realistic manner, with the
knowledge that the magistrate may make reasonable inferences. Id. When in doubt, we
defer to all reasonable inferences that the magistrate could have made. Id. The inquiry
is whether there are sufficient facts, coupled with inferences from those facts, to establish
a "fair probability" that evidence of a particular crime will likely be found at a particular
location. Id. at 62. The issue is not whether other facts could have been included in the
affidavit; this Court's focus should be on the force of the facts that are in the affidavit, not
those that are omitted from the affidavit. Id. While information from an unnamed informant
alone does not establish probable cause, the informant's tip, combined with independent
police investigation, may provide a substantial basis for the probable-cause finding. Davis
v. State, 144 S.W.3d 192, 200 (Tex. App.-Fort Worth 2004, pet. ref'd). The informant's
reliability and the basis of his or her knowledge are relevant in determining probable cause.
Illinois v. Gates, 462 U.S. 213, 230 (1983); Ashcraft v. State, 934 S.W.2d 727, 733 (Tex.
App.-Corpus Christi 1996, pet. ref'd).

 Richie urges that the magistrate erred because there was no way to tell from the
affidavit how old the information was, that there was no showing of when the confidential
informant had been in the house, and Johnson did not state, within the confines of the
affidavit, when he had conducted surveillance of the residence. 

 The evidence before the magistrate was that Richie was under investigation even
before the informant contacted Johnson. The informant contacted Johnson on the day
before the warrant was issued. The informant advised that he had received a telephone
call from appellant and that Richie "does this when he [appellant] does have some
cocaine." Johnson had also received a tip that Richie was selling crack cocaine from his
house on June 18, 2007, the same day Johnson signed his affidavit. The magistrate could
have reasonably inferred that if the narcotics activities were ongoing, they were occurring
close to the point in time when Johnson received the information from the informant that
he had seen illegal substances at appellant's residence and Johnson had observed known
drug dealers at appellant's residence. One of the users, Kendrick Riggins, was identified
by the informant as a person who "cooked" cocaine at appellant's house. Additionally, the
telephone call from appellant to the informant was within 48 hours of the warrant.

 Applying the common-sense approach advocated by the court of criminal appeals
in Rodriguez, we conclude that there was sufficient evidence to issue a warrant to search
appellant's residence. Appellant's first issue is overruled

II. Failure to Require the Informant's Identity

 Richie argues by his second issue that the trial court erred in refusing to require the
State to disclose the identity of its confidential informant. He claims that when a
confidential informant is present at the time of an illegal transaction, he is a material
witness and must be identified. See Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim.
App. 1991). 

A. Standard of Review

 We review a trial court's denial of a motion to disclose a confidential informant under
an abuse of discretion standard. Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App.
1980). Under this standard, we affirm the judgment, unless the trial court's decision was
so clearly wrong as to lie outside that zone within which reasonable persons might
disagree. See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We
may not substitute our judgment for that of the trial court; rather, we must decide whether
the trial court's decision was arbitrary or unreasonable. Id. We must consider all the
circumstances of the case to determine whether the trial court abused its discretion by not
requiring the State to disclose the informant's identity. Portillo v. State, 117 S.W.3d 924,
928 (Tex. App.-Houston [14th Dist.] 2003, no pet.).
B. Analysis

 The State has the "privilege to refuse to disclose the identity of a person who has
furnished information relating to or assisting in a criminal investigation." Tex. R. Evid.
508(a). As such, the State may withhold the identity of an informant unless the informant: 
(1) participated in the offense; (2) was present at the time of the offense or arrest; or (3)
was otherwise shown to be a material witness to the transaction or to whether appellant
knowingly committed the act charged. Williams v. State, 787 S.W.2d 198, 199-200 (Tex.
App.-Corpus Christi 1990, pet ref'd). 

 The record does not reflect that the informant was present when appellant was
arrested, nor does it show that the informant participated in the offense for which appellant
was arrested. When information from an informant is used only to establish probable
cause for a search warrant and the informant was not a participant in the offense or
present when the search warrant was executed, the identity need not be disclosed
because the informant's testimony is not essential to a fair determination of guilt, rather,
it is only relevant to a determination of probable cause. Washington v. State, 902 S.W.2d
649, 655-57 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd). For these reasons, we hold
that there was no abuse of discretion. Appellant's second issue is overruled. 

III. Failure to Introduce Evidence of Parole Violation 

 By issue three, Richie complains that the "state failed to prove defendant's arrest
and search were based upon a parole warrant" and argues that evidence of a parole
violation should not have been admitted absent the admission of the warrant itself. The
trial court overruled appellant's objection to evidence regarding the fact that he was on
parole. At trial, appellant previously introduced evidence of his parole violation by
requesting the trial court to admit the search warrant affidavit as an exhibit. The affidavit
referred to the parole violation. The trial court admitted the document. 

A. Standard of Review

 We review the trial court's decision to admit or exclude evidence under an abuse
of discretion standard. McCarty v. State, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). 
We will not reverse a trial court whose ruling was within the "zone of reasonable
disagreement." Montgomery v. State, 810 S.W.2d at 379-80. A trial court's overruling of
an objection to evidence generally will not result in reversal when other similar evidence
is received without objection. See Richardson v. State, 83 S.W.3d 332, 352 (Tex.
App.-Corpus Christi 2002, pet. ref'd); Elder v. State, 132 S.W.3d 20, 27 (Tex. App.-Fort
Worth 2004, pet. ref'd). 



B. Analysis

 Here, the identical evidence was already admitted into evidence by appellant at the
time trial counsel objected to the testimony as violating the motion in limine. The trial court
did not abuse its discretion. Appellant's third issue is overruled. 

IV. Ineffective Assistance

A. Arguments

 By issue four, Richie complains that trial counsel was ineffective. Richie points to
numerous shortcomings, including counsel's failure to: (1) interview him before trial about
the underlying facts; (2) visit the scene; and (3) investigate and interview witnesses. He
also argues that counsel failed to request and present to the court evidence under Brady
v. Maryland, 373 U.S. 83 (1984), with regard to the disclosure of the identity of the
informants which would have "facilitated proof that defendant was not involved [in] the drug
transaction . . ." Richie also claims that trial counsel failed to request a hearing pursuant
to Franks v. Delaware, 438 U.S. 154 (1978), which allows a search warrant to be voided
if a defendant can prove deliberate falsehood or reckless disregard of the truth by the
affiant. He further makes arguments with regard to trial counsel's ineffectiveness during
the sentencing phase of the trial. While appellant's brief is replete with argument alleging
trial counsel's ineffectiveness, not once does appellant refer to any record reference in
support of his claims. 

B. Standard of Review

 Our review of counsel's performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). A defendant seeking relief for ineffective
assistance of counsel must demonstrate that: (1) counsel's performance failed to
constitute reasonably effective assistance by falling below an objective standard of
reasonableness under the prevailing professional norms; and (2) there is a reasonable
probability that, but for counsel's deficient performance, the result of the proceeding would
have been different. Id. at 694; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
The burden of proving ineffective assistance of counsel is on the appellant and requires
proof by a preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1
(Tex. Crim. App. 1991); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). 
An allegation of ineffective assistance of counsel will be sustained only if it is firmly
founded in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996);
Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus Christi 2000, pet. ref'd).

 Effective assistance of counsel is gauged by the totality of the representation from
the pre-trial representation of the accused through the punishment stage of the trial. Ex
parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). Thus, the trial as a whole
must be reviewed and not isolated incidents of counsel's performance. Cannon, 668
S.W.2d at 403. The standard of review for ineffective assistance of counsel is the same
for all phases of the trial. Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999).

 Direct appeal is usually an inadequate vehicle for raising such a claim because the
record is generally undeveloped. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005). This is true with regard to the question of deficient performance--in which
counsel's conduct is reviewed with great deference, without the distorting effects of
hindsight--where counsel's reasons for failing to do something do not appear in the record.
 Id. The court of criminal appeals has stated that trial counsel should ordinarily be afforded
an opportunity to explain his or her actions before being denounced as ineffective. Id. 
Absent such an opportunity, an appellate court should not find deficient performance
unless the challenged conduct was "so outrageous that no competent attorney would have
engaged in it." Id.

C. Analysis

 While Richie complains that his trial counsel did not conduct a sufficient
investigation, he does not support his assertion by facts or citations to the record. See
Tex. R. App. P. 38.1(i). Any allegation of ineffectiveness of counsel must be demonstrated
by the record. Thompson v. State, 9 S. W.3d 808, 813 (Tex. Crim App. 1999). Trial
counsel did file a motion to discover the confidential informant, but the motion was denied. 
Trial counsel also filed a motion to suppress and advocated strongly at the hearing on the
motion. It, too, was denied by the trial court. Richie urges that the discovery of Brady
material might have allowed him to uncover evidence that could have been helpful in his
defense. He cites nothing in the record to support his argument. See Thompson, 9
S.W.3d at 813 (holding that allegations of ineffective assistance are ineffective in the
absence of record support). Richie also argues that counsel failed to file a motion for a
Franks hearing. However, there is no evidence in the record that Officer Johnson engaged
in deliberate falsehood or reckless disregard for the truth in his affidavit. To succeed on
a claim of ineffective assistance on the basis that counsel failed to file a motion, an
appellant must show that the motion would have succeeded. Akin v. State, 981 S.W.2d
297, 301 (Tex. App.-Texarkana 1998, no pet.).

 An appellate court should not declare trial counsel ineffective without a record
showing that the had some opportunity to explain absent outrageous conduct that no
competent attorney would have engaged in. Goodspeed, 187 S.W.3d at 392. Richie here
has pointed us to nothing that would qualify as outrageous conduct. We overrule issue
four.

V. Conclusion

 Having overruled all of appellant's issues, we affirm the trial court's judgment. 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 11th

day of March, 2010.
1. Positive findings were made by the jury during the punishment phase of the trial with resepct to the
enhancement/habitual paragraphs of the charge.