**Joseph M. AKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–97–00207–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 15, 1998.

Decided July 16, 1998.

Troy A. Hornsby, Miller, James, Miller, Wyly, Hornsby, Texarkana, for appellant.

James H. Elliott, Bowie County Asst. District Attorney, Nicole Habersang, Texarkana, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

In a jury trial, Joseph Akin was convicted of possession of methamphetamine and sentenced to forty years' confinement. Akin appeals, complaining generally about various improper comments of the prosecutor at voir dire and at final jury argument, and contending that he was denied effective assistance of counsel. In a supplemental brief, Akin contends that he has been denied his constitutional right to make a sufficient record for his claim of ineffective assistance of counsel in failing to procure witnesses for the defense. We overrule these contentions and affirm the judgment.

Akin first complains of the prosecutor's statement at final argument about Akin's mother's failure to come to court and testify for him. Akin contended at trial that he was in the area where the narcotics were found because he visited the location daily to see his mother. When the prosecutor asked Akin why his mother did not come to the trial to testify for him, Akin said she was ill. In final argument, the prosecutor commented that "not even his own mother would show up and testify for him." Akin's counsel did not object.

Argument that is not objected to will constitute reversible error only if it is so improper and harmful that its adverse effect cannot be removed by an instruction for the jury to disregard it. We do not find that this argument is of that character. It is proper for a prosecutor to comment on the defendant's failure to call witnesses who might testify in his defense. *Albiar v. State,* 739 S.W.2d 360 (Tex.Crim.App.1987).

Although Akin testified that his mother was not present because she was ill, there was no other evidence of that fact, and the jury was not required to accept Akin's explanation as true. Therefore, the prosecutor was permitted to comment on the failure of the mother to testify for him. It was for the jury to determine her reason.

Akin next asserts that the prosecutor committed reversible error in making several comments in final argument that Akin claims characterized him as a "dope dealer." The prosecutor's actual comments were:

> It's tearing our nation apart. It's killing people. It is addicting our kids. This doesn't have legs; it doesn't get up and walk around by itself. It takes somebody like Joe Akin to carry it from one spot to the next.
>
> . . . .
>
> ... Ladies and gentlemen, in America, we try people one at a time. We can't line them up in a field and machine gun them. We can't gather up all the dope dealers and put them in a plane and push them out over the ocean.
>
> ... If he ruins the life of one child out there on that street, it makes a difference, and that's what America is all about.

Akin did not object to these comments. We conclude that they constituted a proper plea for law enforcement. Although Akin was tried for possession of methamphetamine rather than for delivery of it, evidence of the amount of the contraband in his possession, together with evidence that he frequented the area where drug sales commonly occurred, and testimony that the officers saw him with a known drug trafficker, was sufficient to allow the prosecutor to draw the inference that Akin possessed the contraband

for the purposes of sale. *See Davis v. State,* 830 S.W.2d 762 (Tex.App.1992. If the comments were error, we do not find that they were so improper and harmful that they constituted reversible error or that they could not be cured by an instruction to the jury to disregard them.

Akin also complains about the prosecutor's comment at final argument that "Larry Jack Sevier is under indictment, will be tried, and will go to the penitentiary, but today is not his day."

Akin contended in his defense that Sevier was the guilty party who possessed the drugs. The State contends that Akin's defensive theory invited the prosecutor's comment about Sevier. We agree that the evidence about Sevier's role, if any, in the possession of the drugs was invited. But evidence made proper by an invitation must be legal evidence; it cannot properly be unsworn testimony by the prosecutor, or anyone else. Thus, the comment by the prosecutor was error. We find it to be clearly harmless, however. Akin contended that Sevier was the guilty party. It could not have harmed Akin for the prosecutor to tell the jury that the State would prosecute Sevier for his part, if any, in the crime.

In his fourth point, Akin contends that the prosecutor improperly attacked Akin by implying that defense counsel was trying to mislead the jury.

Akin complains of these comments at voir dire:

> Jeff is charged by law and it is his duty to do everything he can that in the end his man walks out of this courtroom, free. My task is exactly the opposite. . . .
>
> . . . .
>
> ... I think you understand what my position in this case is and what I'm trying to do up here on behalf of people who want to live in a law-abiding society.
>
> . . . .
>
> ... Jeff is like every other defensive back. He has got a short memory, and he can't be embarrassed.

He complains of these comments at argument:

They are questioned about people not on trial, and Mr. Fletcher is a very skilled attorney. He's good. He's not some stumbling newcomer up here. He knows what to do.

. . . .

... Like I said, Mr. Fletcher is a good attorney. Mr. Fletcher did his best to work with what he had; but you know what happens when you get up here and you try to wrap a little bit of a lie around a little bit of the truth? You try to roll it up like a ball of yarn. You get tangled up.

. . . .

Mr. Fletcher wants to use a tried and tested lawyer's maneuver by taking multiple police officers and asking them global questions.

■ We do not construe these comments as impugning the integrity of defense counsel. Rather, they correctly point out that defense counsel is charged by law with representing his client to the best of his ability. Some of the comments are in the nature of criticism of defense counsel's strategy, but that is not improper so long as the comments do not charge counsel with fraud or dishonesty or strike at the defendant over the shoulders of his counsel. We find they do not in this case.

The comment that comes closest to an allegation of dishonesty is the one about wrapping a little bit of a lie around a little bit of truth. However, that comment is more reasonably construed as a criticism of Akin's credibility. The prosecutor is saying that Akin's story is tangled up and does not ring true. Obviously, the prosecutor may attack the defendant's testimony as being contradictory and not worthy of belief.

■ In his fifth and sixth points, Akin contends that his counsel was ineffective because he failed to object to the prosecutor's allegedly improper comments and because he failed to ask for a continuance to produce witnesses who were not present at trial due to a mistake in the return date of their subpoenas.

■ In determining if a defendant has been denied the effective assistance of coun-

sel, we determine whether counsel's professional assistance fell below an objective standard of reasonableness. If we find that it did, we determine whether, but for the defective performance, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jackson v. State,* 877 S.W.2d 768 (Tex.Crim.App.1994).

As to the alleged improper remarks by the prosecutor at final argument and voir dire, we have already found that they were not error or, if possibly erroneous, they were clearly harmless. Consequently, defense counsel's failure to object to them did not constitute ineffective assistance.

■ As to the failure to timely subpoena defense witnesses, such a failure can amount to defective assistance if the witnesses were available and their testimony would have aided the defense's case.

In this case, Akin contends that he was deprived of the testimony of four potential witnesses-Raymond Calhoun, Officer Chris Lee, Willie Curtis, and Terri Whitley. In his testimony, Akin admitted that Calhoun, who is his probation officer, knew nothing about the case. Terri Whitley actually testified at the trial. There is no indication in the record or the testimony of other witnesses that Lee or Curtis had any knowledge that would be helpful to Akin, or that they were available to testify. Thus, we cannot say that Akin would have been entitled to a continuance to produce these witnesses, or that his counsel was ineffective for failing to seek such a continuance.

■ In his supplemental brief, Akin seizes on this problem to raise another ground for reversal. He contends that because he is unable in a direct appeal to show the materiality and availability of the witnesses due to his counsel's failure to show such at the trial, he is being denied effective assistance of counsel because he has no remedy.

We reject this contention. The Texas Court of Criminal Appeals has made it plain that the best way to make a record on a claim of ineffective assistance of counsel is by a hearing on a motion for new trial or a

hearing on a petition for writ of habeas corpus, rather than on direct appeal. *Jackson v. State*, 877 S.W.2d at 773. The court has also made it clear that the rejection of a claim of ineffective assistance because of an insufficient record on appeal does not bar the relitigation of a defendant's claim on habeas corpus to the extent that he seeks to gather and introduce additional evidence not contained in the direct appeal record. *Ex parte Torres*, 943 S.W.2d 469 (Tex.Crim.App.1997). Thus, Akin has a remedy, and the procedure on ineffective assistance of counsel claims on direct appeal is not unconstitutional.

 Lastly, Akin contends in his supplemental brief that the trial court did not have jurisdiction of his case because when the prosecutor read the indictment at trial, he misread "in the name and by authority of the State of Texas" as "in the name and by authority of the grand jury duly organized...."

Akin concedes that the indictment filed in this case, and to which he pleaded not guilty, contains the proper commencing phrase. He also concedes that he did not object to the indictment or move to quash it. If a defendant does not object to an error in either the form or substance of an indictment before trial begins, he waives all errors in the indictment. TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1998). Akin also did not object to the misreading of a portion of the indictment.

The indictment was clearly sufficient to invoke the jurisdiction of the court. The question, then, is whether the mistake of the prosecutor in misreading only the opening formal sentence of the indictment constituted fundamental error requiring a reversal of the conviction. We hold that it does not. *See* TEX.R.APP. P. 44.2.

 The purpose for reading the filed indictment in open court is to inform the defendant and the jury of the precise terms of the charge against the defendant. *Warren v. State*, 693 S.W.2d 414 (Tex.Crim.App. 1985). As the only misreading of the indictment here was a formal, noncharging part of the indictment, the precise charge against Akin was read to him and to the jury, and

the purpose of the reading was fulfilled. No error is shown.

For all the reasons stated, the judgment of the trial court is affirmed.