NO. 12-01-00179-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


EDDIE FLOYD DENNIS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

 Appellant Eddie Floyd Dennis was tried and convicted by a jury of assault on a public
servant. After the State offered evidence in support of two enhancement paragraphs, the trial court
assessed punishment at life imprisonment. On appeal, Appellant complains of ineffective assistance
of counsel, failure to admonish before self-representation, and variance between oral pronouncement
of sentence and written judgment. We affirm.


Background

 Jacksonville police officers responded to a call that Appellant was asleep on a complainant's
porch. The two officers approached Appellant, who was by then sitting up, and asked him his name. 
He responded with what the officers knew to be a false name, at which time the officers attempted
to arrest him on an outstanding parole violation warrant. One of the officers successfully handcuffed
Appellant's left wrist, but then Appellant began to struggle. When Appellant was resisting arrest,
he elbowed one of the officers in the face. He was finally subdued and taken to the Cherokee County
jail. Appellant was subsequently charged and convicted of assault on a public servant. This appeal
followed. 

Ineffective Assistance of Counsel

 In his first issue, Appellant complains that he received ineffective assistance of counsel in
violation of the federal and state constitutions and the Texas Code of Criminal Procedure. In
particular, Appellant contends that the following of his trial attorney's inactions fell below an
objective standard of reasonableness, and thus prejudiced his defense at trial:


 1. failure to request the appointment of an investigator;


 failure to investigate;
 failure to interview witnesses;
 failure to file pre-trial motions;
 failure to secure the presence of witnesses;
 failure to request a continuance;
 failure to strike objectionable jurors for the defense;
 failure to object to leading and suggestive questions;
 failure to object to the admissibility of certain evidence;
 failure to preserve issue for appellate review;
 failure to object to the court's charge and to request the inclusion of an extraneous offense
instruction and a lesser included offense instruction;


 


 failure to effectively cross-examine the State's witnesses;
 failure to call punishment witnesses; and



 failure to properly advise Appellant before he proffered testimony at punishment.



 We look to the general standards established for effective assistance of counsel in criminal
cases and determine that, to prevail on his first issue, Appellant must meet the two-pronged test
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 
To show that his trial counsel was ineffective, Appellant must demonstrate that counsel's
performance was deficient. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. In order to satisfy that
prong, Appellant must demonstrate that counsel's performance fell below an objective standard of
reasonableness, as judged on the facts of his particular case and viewed at the time of counsel's
conduct. Id. at 688-90, 104 S. Ct. at 2064-66. Further, counsel is presumed to have rendered
adequate assistance and made all significant decisions in the exercise of reasonable professional
judgment. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Second, Appellant
must show that counsel's performance prejudiced his defense at trial. Strickland, 466 U.S. at 692,
104 S. Ct. at 2067. "It is not enough for the Appellant to show that the errors had some conceivable
effect on the outcome of the proceeding." Id. at 693, 104 S. Ct. at 2067. Rather, he must show there
is a reasonable probability that the result of the proceeding would have been different but for the
errors made by counsel. Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability
sufficient to undermine confidence in the outcome." Id. 

 "An allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland, 928 S.W.2d at 500. Failure to
make the required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. Appellant has a difficult burden in proving ineffective assistance of
counsel. As the court of criminal appeals explained in Thompson v. State, 9 S.W.3d 808 (Tex.
Crim. App. 1999),


 [a] substantial risk of failure accompanies an appellant's claim of ineffective assistance on direct
appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of the claim involving such
a serious allegation. In the majority of instances, the record on direct appeal is simply undeveloped
and cannot adequately reflect the failings of trial counsel. 



Id. at 813-14 (citations omitted). Thus, to successfully demonstrate counsel's ineffectiveness, an
appellant must generally present evidence, usually through a motion for new trial or a habeas corpus
proceeding, illustrating trial counsel's strategy. Id.; Kemp v. State, 892 S.W.2d 112, 115 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). Generally, when the record contains no evidence of the
reasoning behind counsel's conduct, we cannot conclude counsel's performance was deficient. See
Jackson, 877 S.W.2d at 771. If there is any plausible basis for trial counsel's actions, we are not
required to speculate on the reasons for counsel's actions when confronted with a silent record. Id.;
McCoy v. State, 996 S.W.2d 896, 900 (Tex. App.--Houston [14th Dist.] 1999, no pet.). 

 In the case at hand, we have no evidence from counsel's perspective concerning any of the
complained-of actions, and there are plausible reasons, namely trial strategy, for most of his
decisions. For example, Appellant faults trial counsel for failing to file pre-trial motions. However,
failure to file pre-trial motions does not result in ineffective assistance of counsel. Huynh v. State,
833 S.W.2d 636, 638 (Tex. App.-Houston [14th Dist.] 1992, no pet.). Trial counsel may have felt
that any motions he could have filed had no merit; this must be left within the wide range of
reasonable professional assistance. Further, failure to request the appointment of an investigator
would not indicate ineffectiveness of counsel, absent a showing as to what evidence an investigator
would discover, whether it would be favorable to the defense, and whether or not the evidence would
have affected the outcome of the trial. See Akin v. State, 981 S.W.2d 297, 301 (Tex.
App.-Texarkana 1989, no pet.). And failing to call a witness on the defendant's behalf is not
necessarily ineffective assistance of counsel. See Hoang v. State, 825 S.W.2d 729, 733 (Tex.
App.-Houston [14th Dist.] 1992, pet. ref'd). Since the record is silent as to whether trial counsel
actually interviewed the witness or that a different result would have occurred if the witness had been
called, it is not ineffective assistance. Also, failure to object to testimony of Appellant's parole
violation is not ineffective assistance without a showing that the testimony was inadmissible. Valdez
v. State, 776 S.W.2d 162, 168 (Tex. Crim. App. 1989)(evidence of an outstanding federal parole
warrant was admissible on the issue of defendant's motive for shooting a police officer). 

 Moreover, there is nothing in the record to show us that defense counsel did not, in fact, do
those things which Appellant complains he did not do. For example, Appellant failed to develop the
record to show whether his trial counsel conducted an investigation, whether he interviewed
witnesses, or whether he failed to properly advise Appellant before he proffered testimony during
the punishment stage of the trial. As we stated earlier, "an allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." McFarland, 928 S.W.2d at 500. When confronted with a silent record, we are not
required to speculate on the reasons for counsel's actions, nor can we presume inaction on his part. 
Consequently, Appellant has failed to show ineffective assistance of counsel and we overrule his first
issue.


Admonishment Before Self-Representation

 In the case before us, trial counsel filed a motion to withdraw on the day the punishment
phase of the trial was to begin. Appellant stated to the court that he was extremely dissatisfied with
his attorney's representation at the guilt/innocence stage, and that he no longer wished to be
represented by him. Defense counsel complained that Appellant had not cooperated with him and
that, as a consequence, he was unprepared for trial. The trial court denied the motion and proceeded
with the hearing. At punishment, Appellant's attorney invoked the rule, explained after each witness
that he had no questions because of Appellant's failure to cooperate, and made a final argument. He
was present in the courtroom during the entire hearing. Appellant questioned several of the State's
witnesses, and the court gave him great latitude to do so. However, Appellant never asked to
represent himself in the proceedings.

 In his second issue, Appellant argues that the trial court erred when it failed to properly
admonish him before allowing him to represent himself. We agree that a proper admonishment is
crucial and mandatory before a defendant attempts to act as his own attorney. See Tex. Code Crim.
Proc. Ann. art. 1.05(g) (Vernon Supp. 1999); Manley v. State, 23 S.W.3d 172, 175 (Tex.
App.-Waco 2000, pet. ref'd). However, that is not the case here. Appellant was certainly active in
his own defense, but trial counsel was always in the courtroom, and seemingly represented Appellant
as best he could considering his client's uncooperativeness. We hold, therefore, that because
Appellant did not attempt to waive his right to counsel or represent himself during the punishment
stage of the trial, the trial court did not err when it did not admonish Appellant concerning self-representation. We overrule issue two. 


Oral Pronouncement of Sentence

 In his third issue, Appellant complains that the trial court erred in sentencing Appellant to
life imprisonment when it failed to orally state that the enhancement paragraphs contained in the
indictment were true. Although the trial court did make a written finding, Appellant argues that
when there is a variance between the oral pronouncement of sentence and the written judgment, the
oral pronouncement controls. Therefore, according to Appellant, the written judgment is void.

 Recent cases do hold that if there is a variance between an oral pronouncement and a written
judgment, the oral pronouncement controls. See Ex parte Madding, 70 S.W.3d 131, 135 (Tex.
Crim. App. 2002). But in this case, there is no variance between the written judgment and the oral
pronouncement. The written judgment does not decrease or increase the punishment that was
already imposed. There is no conflict between the oral pronouncement and the written judgment;
the written judgment simply makes the oral pronouncement more complete. For example, in In re
A.P., 59 S.W.3d 387, 392-93 (Tex. App.-Fort Worth 2001, no pet.), the trial court did not orally
announce the findings necessary for a juvenile disposition, but it did make the findings in the written
order. While agreeing that the oral pronouncement controls if there is a variance, the court found
no conflict between the oral pronouncement and the written order. The same is true in this case. 
Accordingly, we overrule issue three.

 We affirm the judgment of the trial court.


 JIM WORTHEN 

 Justice



Opinion delivered October 31, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.























(DO NOT PUBLISH)